OPINION
Appellant, James Johnston, worked for more than twenty years for appellee, the City of Cambridge, in the utilities department. On October 24, 1997, appellee terminated appellant Johnston due to three absences from work taken without leave or call-in notice. On said date, appellant Johnston filed a grievance with his union, appellant, AFSCME, Ohio Counsel 8, AFL-CIO, Local 2316. An arbitration hearing was held on November 9, 1998. By decision dated November 23, 1998, the arbitrator reinstated appellant Johnson with full back pay, less a five work day suspension without pay. On December 28, 1998, appellee filed a complaint to vacate or modify the award in the Court of Common Pleas for Guernsey County, Ohio. On January 25, 1999, appellants filed a motion to dismiss and/or for summary judgment and an application to confirm the arbitration award. By judgment entry filed March 4, 1999, the trial court denied said motions. Following the submission of briefs, the trial court found the arbitrator exceeded his power under the collective bargaining agreement (hereinafter "agreement") and granted appellee's complaint to vacate the award on August 10, 1999. Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE GUERNSEY COUNTY COMMON PLEAS COURT ERRED AND THUS ABUSED ITS DISCRETION WHEN THE COURT DENIED THE RESPONDENTS/APPELLANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT AND APPLICATION TO CONFIRM ARBITRATION AWARD AND GRANTED THE PETITIONER/APPELLEE'S COMPLAINT TO VACATE BECAUSE (1) THERE WAS A RATIONAL NEXUS BETWEEN THE COLLECTIVE BARGAINING AGREEMENT AND THE ARBITRATION AWARD, AND THEREFORE, THE AWARD DREW ITS ESSENCE FROM THE AGREEMENT; AND (2) THE AWARD WAS NOT ARBITRARY, CAPRICIOUS OR UNLAWFUL.
 I
Appellants claim the trial court erred in denying their application to confirm the arbitration award and in granting appellee's complaint to vacate the award. Specifically, appellants claim the trial court erred in finding the award did not draw its essence from the agreement and was arbitrary and capricious because it violated the express terms of said agreement. We disagree. In Ohio Office of Collective Bargaining v. Ohio Civil Service Employees Assn., Local 11, AFSCME, AFL-CIO (1991),59 Ohio St.3d 177, the Supreme Court of Ohio held the following at syllabus: An arbitrator's award departs from the essence of a collective bargaining agreement when: (1) the award conflicts with the express terms of the agreement, and/or (2) the award is without rational support or cannot be rationally derived from the terms of the agreement.
Per the agreement (Joint Exhibit 1) at Article 6, Section 6.1, appellee had the right to promulgate work rules: The Union recognizes the right and authority of the Employer to administer the business of the City of Cambridge and in addition to other functions and responsibilities which are required by law, the Union recognizes that the Employer has and will retain the full right and responsibility to direct the operations of the department, to promulgate rules and regulations and to otherwise exercise the prerogatives of management, which more particularly include but are not limited to the following except where modified by the express terms of this Agreement:
A. To manage and direct its employees, including the right to select, hire, promote, transfer, assign, evaluate, layoff and recall or to reprimand, suspend, discharge or discipline for just cause to maintain order among employees;
* * *
The agreement at Article 8 states all discipline is governed by a just cause standard (Section 8.1). All grievances submitted to arbitration are subject to final and binding arbitration (Article 7, Section 7.3, Step 5). The arbitrator's authority is limited as set forth in Step 5: The arbitrator shall not have the authority to add to, subtract from, modify, change or alter any provision of this Agreement.
* * * The arbitrator shall expressly confine himself to the precise issue submitted for arbitration and shall have no authority or privilege to determine any other issue or issues not so submitted to him. The arbitrator may not make an award or decision which in effect grants either party that which it was unable clearly to secure during past collective bargaining negotiations.
By stipulation, the issue at arbitration was whether appellant Johnston was discharged for just cause and if not, what the appropriate remedy should be. Appellants argue this stipulation permitted the arbitrator to look beyond a per se just cause work rule violation to mitigating factors for the violation. We disagree the stipulation was a carte blanche to the arbitrator to change a properly delegated work rule and apply his own brand of discipline. The work rule violated herein provided for automatic termination after three absences from work without leave or call-in notice. See, Progressive Discipline Policy, Appellee's Exhibits 7 and 8. It is undisputed appellant Johnston violated this rule. See, Arbitrator's Decision at Page 2. Despite this fact, the arbitrator found appellant Johnston's seniority with appellee was an important factor in determining just cause. In addition, the arbitrator found the following mitigating factors did not meet the requirements for just cause: When Mr. Johnston failed to call-in or report for work in October, 1997 he was experiencing a very unfortunate conjunction of family events. Serious illness had struck his loved ones and himself. His girlfriend had left him. His reaction took the form of a drinking binge. To discharge a twenty year employee with a satisfactory record of service in these circumstances does not provide the City with the requisite just cause to sustain discharge.
Mr. Johnston's failure to call-in or report as scheduled in October, 1997 is a breach of industrial practice, warranting discipline. It is not so serious under these circumstances as to warrant discharge.
In adopting this rationale, the arbitrator rejected the per se rule for just cause review as set forth in Article 8, Section 8.1 of the agreement and engrafted a mitigating factor review to the work rules authorized by Article 6. As a result, the arbitrator rewrote Article 6 and the work rules which were generated by it. We find the arbitrator's consideration was clearly outside the scope and authority of the agreement and therefore the decision failed to meet the test under Ohio Office. When an agreement explicitly grants to management the sole right to establish work rules without consultation or consensus, an arbitrator may not rewrite them to fit his/her specific definition of just cause. The decision herein to disregard the clear finding of a work rule violation wherein the discipline was termination was in express conflict with the agreement. The power to modify a per se just cause rule cannot be read into the agreement. The arbitrator's decision was not derived from the agreement. We further find the stipulation cannot rewrite the agreement. As previously quoted from Article 7, Section 7.3, Step 5, the arbitrator cannot "add to, subtract from, modify, change or alter" the agreement. By framing the issue as he did, the arbitrator assumed a matter clearly designated to management by Article 6. Based upon the specific finding by the arbitrator that appellant was absent for three days in violation of the Progressive Discipline Policy, we find the trial court's decision finding the award did not draw its essence from the agreement and was arbitrary and capricious was correct. The sole assignment of error is denied. The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.
 _______________________ FARMER, J.
EDWARDS, J. concurs.
HOFFMAN, P.J. dissents